UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| Ivan Marrero,<br><br>     Plaintiff,<br><br>v.<br><br>Safelite Fulfillment, Inc.,<br><br>     Defendant. | Case Number 5:20-cv-360 |

## Complaint

1. The Plaintiff, Ivan Marrero, sues Defendant, Seafelite Fulfillment, Inc. doing business as Safelite Auto Glass, pursuant to 29 U.S.C. § 2617(a) for interference with Family Medical Leave Act (FMLA) rights.

2. The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 2617(a)(2).

3. Venue is appropriate in Ocala pursuant to 28 U.S.C. § 1391(b)(2).

4. Plaintiff worked for Defendant from on or about June 2018 through March 2020.

5. Defendant was Plaintiff's employer for more than one year.

6. Plaintiff began as an auto glass technician employee for Defendant.

7. After roughly four months of work, Plaintiff moved into the role of customer service advocate.

8. Plaintiff worked in Ocala, Florida.

9. Defendant employs more than 50 employees within 75 miles of Ocala.

10. Defendant is a Delaware corporation.

11. Defendant's headquarters are in Columbus, Ohio.

12. Defendant employs employees in Gainesville, Citrus Springs, Minneola and Orange City, which are all within 75 miles of Ocala.

13. Defendant is engaged in interstate commerce.

14. On or about March 20, 2020, Plaintiff was having serious health issues with his lungs, so he went to a medical doctor.

15. The doctor opined that Plaintiff needed to be off of work due to his health until March 29, 2020.

16. Plaintiff notified Defendant that he needed time off due to doctor's orders.

17. On March 24, 2020, Plaintiff received a generic email from Defendant from the email address LOA@SafeLite.com.

18. On or about March 27, 2020, Defendant terminated Plaintiff.

19. Plaintiff was terminated by his supervisor.

20. Defendant told Plaintiff that it could not leave positions open and Defendant needed to have its employees physically work.

21. Plaintiff worked more than 1250 hours the 12 months preceding March 20, 2020.

22. Defendant did not notify Plaintiff of his FMLA rights.

23. Defendant knew or should have known that Plaintiff was eligible for FMLA leave beginning on or about March 20, 2020.

24. Defendant knew or should have known that Plaintiff's job was protected by FMLA leave on or about March 29, 2020.

25. Defendant's generic email of March 24, 2020 does not qualify as a notice of rights under the FMLA as prescribed by the U.S. Department of Labor Wage & Hour Division.

26. Defendant did not give Plaintiff at least 15 days to submit a medical certification.

27. Defendant did not ask Plaintiff for any medical records.

28. Defendant just told Plaintiff that it could not leave his position open.

29. Defendant did not terminate Plaintiff for cause.

30. Defendant only terminated Plaintiff on March 27, 2020, because Plaintiff had been on a leave of absence since March 20, 2020.

31. Plaintiff's doctor directed him not to work for three or more days starting March 20, 2020.

32. Plaintiff had to seek medical attention for his lungs on more than one occasion.

33. Had Defendant placed Plaintiff on FMLA leave and followed the FMLA mandates, then Plaintiff would be employed today.

34. Defendant acted in reckless disregard of the FMLA.

35. Defendant failed, refused and/or neglected to properly train Plaintiff's supervisor on the FMLA.

Wherefore, Plaintiff demands judgment, back pay, liquidated damages, pre-judgment interest, front pay, attorneys' fees, costs and any other relief the Court deems appropriate and just.

Respectfully submitted this 5th day of August 2020,

/s/ Bernard R. Mazaheri_____
Bernard R. Mazaheri
Florida Bar Number 643971
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com